CLOSED


FILED
MAY 3 1 2005
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALTHEA MICHELLE McKENZIE,

    Petitioner,                         Civil No. 05-71685-DT
                                           HONORABLE PAUL D. BORMAN
v.                                            UNITED STATES DISTRICT JUDGE

CLARICE STOVALL,

    Respondent,
_____/



## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

Althea Michelle McKenzie, ("Petitioner"), presently confined at Camp Brighton in Pinckney, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which she challenges her conviction of possession with intent to deliver between 5 and 45 kilograms of marijuana, M.C.L.A. 333.7401(2)(d)(ii), possession of a firearm during the commission of a felony, M.C.L.A. 750.227b, and being a second felony offender, M.C.L.A. 769.10. The Court has reviewed the instant petition for writ of habeas corpus and has concluded that it is subject to dismissal because it contains a claim that has not been exhausted with the state courts. However, instead of dismissing the petition without prejudice, the Court will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust this claim, failing which the petition shall be dismissed. The Court will also administratively close the case.

1

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Oakland County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. McKenzie*, 237815 (Mich.Ct.App. November 18, 2003); *lv. den.* 470 Mich. 861; 679 N.W. 2d 699 (2004). On April 22, 2005, petitioner filed the instant application for writ of habeas corpus with this Court.[1] Petitioner seeks the issuance of a writ of habeas corpus on the following grounds:

I. Fourth Amendment violation.

II. The lower [trial] court committed reversible error.

III. Ineffective assistance of [trial] counsel.

## II. Discussion

The instant petition is subject to dismissal because it contains a claim that has not been exhausted with the state courts. As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed her habeas petition on April 22, 2005, the date that it was signed and dated. *See Neal v. Bock*, 137 F. Supp. 2d 879, 882, fn. 1 (E.D. Mich. 2001).

F. Supp. 2d 992, 998 (E.D. Mich. 1999). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 124 S. Ct. 2441, 2445 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

In the present case, petitioner admits that she failed to exhaust her third claim involving the ineffective assistance of counsel with the Michigan appellate courts. A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). Because petitioner's third claim has not been presented to the Michigan courts, it is unexhausted.

A habeas petitioner may not present a "mixed" petition containing both exhausted and unexhausted claims to a federal court. *Rockwell v. Yukins,* 217 F. 3d 421, 423 (6th Cir. 2000). Although this requirement is not jurisdictional, a petition that includes unexhausted claims will ordinarily not be considered by a federal court absent exceptional or unusual circumstances. *Rockwell,* 217 F. 3d at 423. Moreover, with the AEDPA, Congress made it clear that the only circumstance in which mixed petitions may be considered by a district court is where the court determines that the petition must be dismissed in its entirety. *Id.*

In her petition for writ of habeas corpus, petitioner indicates that her third claim was not presented to the Michigan courts because her appellate counsel informed her that she had

failed to preserve the issue during trial and also that it would be difficult to prove or establish an ineffective assistance of trial counsel claim on appeal.[2] An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

The mere fact that appellate counsel failed to raise this claim on petitioner's appeal of right would not render exhaustion futile, because petitioner still has available state court remedies with which to exhaust this claim. *See Gray v. Wingo*, 391 F. 2d 268, 269 (6th Cir. 1967)(petition for writ of habeas corpus which raised claim that court-appointed counsel failed to ask for a new trial or to appeal was properly denied, since petitioner had not availed himself of Kentucky's post-conviction procedures); *Booker v. Kelly*, 636 F. Supp. 319, 321, n. 3 (W.D.N.Y. 1986)(allegation that unreasonable delay by assigned counsel prevented petitioner from presenting his claims on direct appeal in state court did not excuse petitioner from exhausting his state court remedies prior to filing a petition for writ of habeas corpus, absent a showing that all state procedures had been rendered ineffective). Petitioner's method of properly exhausting this claim in the state courts would be through filing a motion

---

[2] *See* Petition for Writ of Habeas Corpus, p. 4, ¶ 13.

for relief from judgment with the Oakland County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

The Court is concerned that in dismissing the current petition outright, there is the possibility that petitioner might be prevented under the AEDPA's one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of her claim in the state courts. The filing of a federal habeas corpus petition does not trigger 28 U.S.C. § 2244(d)(2) to suspend the running of the one-year statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 172 (2001). However, the Supreme Court's decision in *Duncan* did not preclude federal district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id.* 533 U.S. at 182-83 (Stevens, J., concurring). *See also Palmer v. Carlton,* 276 F. 3d 777, 780-81 (6th Cir. 2002)(implicitly adopting Justice Stevens' recommended course of action).

In this case, the outright dismissal of the petition, albeit without prejudice, may result

5

in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2244(d)(1). A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002).

The United States Supreme Court has recently ruled that a federal district court has the discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state courts in the first instance, and then to return to the federal district court for habeas review of his completely exhausted petition. *See Rhines v. Weber,* 125 S. Ct. 1528, 1532-36 (2005). However, even where it is appropriate to stay the habeas petition and hold it in abeyance pending exhaustion in the state courts, because of the timeliness concerns reflected in the AEDPA, a mixed habeas petition should not be stayed indefinitely. *Id.* at 1535. Therefore, district courts should place reasonable time limits on a petitioner's return to state court and back. *Id.* The Supreme Court indicated that "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the

district court should stay, rather than dismiss, the mixed petition." *Id.* at 1535.

In order to avoid petitioner being time-barred from seeking habeas relief following her return to the state courts, the Court will hold the present petition in abeyance for 60 days and will allow petitioner to return to the state courts to seek post-conviction relief, in which case the Court will hold the present petition in abeyance. This tolling is conditioned upon petitioner initiating her state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of her state court post-conviction remedies. *See e.g. Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

### III. ORDER

Accordingly, it is **ORDERED** that petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.** If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

If petitioner files a motion for relief from judgment, she shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the petitioner's exhaustion of the claim. The petitioner shall re-file her habeas petition within 60 days after the conclusion of the state court post-conviction proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket

entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d at 677.

                                                                     _____
                                                                     **HON. PAUL D. BORMAN**
                                                                     **UNITED STATES DISTRICT COURT**

**DATED: MAY 31 2005**